**Glen CREECH, Petitioner,**

v.

**BENEFITS REVIEW BOARD, Respondent.**

No. 85–3895.

United States Court of Appeals, Sixth Circuit.

Submitted Feb. 5, 1988.

Decided March 15, 1988.

Glen Creech, pro se.

John Kevin West (pro bono), McCoy, Baker & Newcomer, Lexington, Ky., for petitioner.

J. Michael O'Neill, Brian E. Peters, Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondent.

---

Before JONES and MILBURN, Circuit Judges; and JOINER, Senior District Judge *.

MILBURN, Circuit Judge.

Petitioner Glenn Creech appeals the decision of the Benefits Review Board ("the Board") affirming the denial of petitioner's application for black lung benefits by the Administrative Law Judge ("ALJ"). Because we find that the Board's decision is supported by substantial evidence, we affirm.

## I.

Petitioner filed an application for black lung benefits on October 16, 1975, under the Black Lung Benefits Act, as amended, 30 U.S.C. § 901 et seq. On his application, he stated:

> I have shortness of breath at night when I lie on my left side. I have pain in the left side of my body. My left arm goes limp. I have lost about one-third of the strength in my left extremities. I get dizzy when I over exert myself.

After review of the medical and employment evidence, the Department of Labor issued a letter denying petitioner's request for benefits on June 11, 1979. The Department found that petitioner had failed to show that he suffered from pneumoconiosis. Thereafter, petitioner filed a request for a formal hearing.

A hearing was held before the ALJ on July 14, 1982. After reviewing the evidence and testimony, the ALJ issued his decision and order on April 29, 1983, finding that petitioner failed to invoke the interim presumption of eligibility as provided for in 20 C.F.R. § 727.203(a)(1)–(4) (1987), and was otherwise ineligible for black lung benefits. On May 4, 1983, a notice of appeal was timely filed with the Board. On August 30, 1985, the Board issued a decision and order affirming the decision of the

ALJ. Subsequently, petitioner filed his petition for review with this court.

Petitioner's work history and medical facts are relatively straightforward. Although counsel for the Director of the Office of Workers' Compensation Programs disputed before the ALJ the petitioner's claim that he had been employed in the coal mining industry for a period of at least ten years, the ALJ found, and the Director does not dispute on appeal, that petitioner worked in the mines for at least twelve years.

Three different chest X-rays have been performed upon the petitioner. The first X-ray was performed by Dr. W.F. Clarke. Dr. Clarke, who is neither a Board-certified nor Board-eligible radiologist, found that the X-ray established the presence of pneumoconiosis as required to invoke the interim presumption under 20 C.F.R. § 727.203(a)(1).[1] This X-ray was re-read on January 5, 1977, by Dr. Jerome F. Wiot, a Board-certified radiologist and Board reader. Dr. Wiot found the film quality unreadable.

A second X-ray of the petitioner was performed by Dr. Ralph C. Quinlan on March 13, 1978. Dr. Quinlan, who is also Board-certified, found no evidence of pneumoconiosis on the March 13, 1978, X-ray. This X-ray was subsequently re-read by Dr. George P. Samba, who is Board-certified, and Dr. Samba concluded that the film quality of the X-ray was acceptable.

A third X-ray was performed upon petitioner by Dr. Clarke on March 27, 1979. Dr. Clarke again found petitioner's X-ray to reveal the presence of pneumoconiosis. On August 13, 1979, Dr. W.S. Cole, a Board-certified radiologist and Board reader, found the film quality of this March 27, 1979, X-ray to be unreadable.

Dr. Clarke also performed a ventilatory study upon the petitioner on April 21, 1976,

---

U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

* Honorable Charles W. Joiner, Senior Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

1. 20 C.F.R. § 727.203(a)(1) provides that an individual is entitled to a presumption of total disability due to pneumoconiosis if he has worked in mines for at least ten years and "a chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis."

which revealed values sufficiently low to invoke the interim presumption under 20 C.F.R. § 727.203(a)(2).[2] However, two subsequent ventilatory studies were taken, one on May 12, 1979 (performed by Dr. Allen Cornish), and one on June 18, 1979 (performed by Dr. Clarke), both of which failed to reveal values low enough to entitle the petitioner to the interim presumption. In fact, the values obtained from these two more recent studies "dramatically exceeded" the values obtained on the April 21, 1976, study. J.A. at 7.

The record contains the medical opinions of two physicians. Dr. Clarke, as a result of his April 21, 1976, examination of the petitioner, found petitioner totally and permanently disabled for all work in a dusty environment and for all manual labor as a result of pneumoconiosis. See 20 C.F.R. § 727.203(a)(4). Dr. Cornish, however, as a result of his May 22, 1979, physical examination of the petitioner, found that petitioner suffered only from "chronic bronchitis, by history." J.A. at 49. Dr. Cornish, stated that petitioner's pulmonary function studies were normal and that petitioner was not totally and permanently disabled but, rather, that petitioner suffered only a mild impairment with "little, if any, functional limitation...." Id.

Petitioner argues that the Board's conclusion that he was not entitled to the interim presumption of eligibility is not supported by substantial evidence. Petitioner urges that where any evidence is produced which qualifies under the requirements of 20 C.F.R. § 727.203(1)–(4), the interim presumption should be invoked and the burden should shift to the employer to rebut the presumption of pneumoconiosis.

## II.

### A.

■ If the findings of the ALJ regarding the claim for benefits are supported by substantial evidence, we are bound by those findings. See Engle v. Director, Of-

fice of Workers' Compensation Programs, 792 F.2d 63 (6th Cir.1986); Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 254 (6th Cir.1983); Haywood v. Secretary of Health and Human Servs., 699 F.2d 277, 285 (6th Cir. 1983). "Our function is only to see that the decision of the ALJ and Board was supported by substantial evidence, and that all the evidence that the statute mandates to be considered has been considered." Engle, 792 F.2d at 64. The substantial evidence test employed in a black lung case is less rigorous than the burden of proof in a jury trial; in reviewing findings of the trier of fact, the court cannot reweigh the evidence but may only inquire into the existence of evidence to support the findings. Peabody Coal Co. v. Benefits Review Bd., 560 F.2d 797 (7th Cir.1977).

Recently, in Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, —— U.S. ——, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), the Supreme Court analyzed a claimant's burden of proof to be entitled to the interim presumption of eligibility under the regulations found at 20 C.F.R. part 727. The Court rejected the view of the Fourth Circuit that a single item of qualifying evidence is always sufficient to entitle a claimant to the interim presumption of eligibility under 20 C.F.R. § 727.203(a). See Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986) (en banc), rev'd sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, —— U.S. ——, 108 S.Ct. 427, 98 L.Ed.2d 450. Rather, the Court held, "a claimant is entitled to the presumption where he establishes by a preponderance of the evidence qualifying evidence sufficient to invoke the presumption." Mullins Coal, 108 S.Ct. at 429 (emphasis supplied). The Court further held that the ALJ's task, as the trier of fact, is to weigh the quality, and not just the quantity, of the evidence, and that all relevant medical evidence should be considered. Id. at 434 n. 23. Cf. Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985) ("[T]he

---

**2.** Ventilatory studies which "establish the presence of a chronic respiratory or pulmonary disease," if sufficiently debilitating, may give rise to the presumption of total pneumoconiosis-related disability.

trier of fact determines the weight to be accorded to the evidence."). The Court declared:

[A] single item of qualifying evidence *may* be sufficient to invoke the presumption. Indeed, the authors of the regulation apparently expected that the presumption would regularly be invoked on the basis of a single item of qualifying evidence. Reasoning from that expectation, the Court of Appeals concluded that the presumption *must* be invoked whenever the record contains a single item of qualifying evidence. [T]hat conclusion is compelled by neither the text nor the history of the regulation.

*Id.* 108 S.Ct. at 438–39 (emphasis in original, footnote omitted).

 Thus, in *Mullins Coal,* the Court expressly rejected petitioner's argument in the present case that a single item of qualifying evidence requires a finding that the presumption has been invoked. Rather, petitioner's burden is to show *by a preponderance* of the evidence the facts required under 20 C.F.R. § 727.203(a)(1)–(4) to cause the presumption to arise. Our review is limited to whether substantial evidence exists for the Board's decision that the petitioner has failed to "establish" by a preponderance of the evidence the requisite predicate facts.

 In the present case, we conclude that the decision of the Board is supported by substantial evidence consisting of X-rays, ventilatory studies, and medical opinions. All the qualifying items, presented by the petitioner, were the result of one doctor's examination—Dr. Clarke. Dr. Clarke, as stated earlier, is neither Board-certified nor a Board-eligible radiologist. The Board is entitled to rely more heavily on the conclusions of Board-certified or Board-eligible radiologists. *See Back v. Director, Office of Workers' Compensation Programs,* 796 F.2d 169 (6th Cir.1986). Moreover, it appears that Dr. Clarke's medical opinion was based on the erroneous conclusion that the petitioner had been employed as an underground coal miner for eighteen years, a claim which the petitioner has never made. Therefore, Dr. Clarke's evaluation of the petitioner was based on an inaccurate work history, and the ALJ was entitled to conclude that the opinion was not "reasoned" as required by the regulation. Additionally, Dr. Clarke's opinion was contradicted by the opinion of Dr. Cornish.[3]

As to the ventilatory studies, it again appears that the conclusions were in conflict, that Dr. Clarke provided the only qualifying study, but that two subsequent studies, one of which was performed by Dr. Clarke himself, produced nonqualifying values. The X-ray evidence was also in a state of conflict, with substantial evidence supporting the ALJ's conclusion.[4] Given

---

**3.** Petitioner further argues that the ALJ erred in failing to accept into the record the deposition of Dr. Cornish dated October 14, 1982, which petitioner claims undermines Dr. Cornish's credibility. *See* J.A. at 58. In our view, however, the ALJ's decision not to admit this deposition was proper. The hearing in the present case was held by the ALJ on July 14, 1982. At that time, the ALJ set an October 5, 1982, deadline for the taking of depositions and a November 1, 1982, deadline for filing deposition transcripts. When the transcript of Dr. Cornish's deposition had not been received by the Director's counsel as of January 12, 1983, the Director moved that the deposition be excluded, and the ALJ issued an order closing the record. On February 4, 1983, counsel for petitioner filed a motion for the filing of the late deposition. The ALJ denied this motion on February 23, 1983. *See* J.A. at 10.

The time period during which the ALJ kept the record open for purposes of receiving the deposition seems to us reasonable. Petitioner's

counsel's attempt to file the deposition three months after the final deadline for the filing of depositions without a request for an extension seems unwarranted. Petitioner cites *Souch v. Califano,* 599 F.2d 577 (4th Cir.1979), which states that a claimant must be given the proper opportunity to impeach evidence against him or such evidence may not constitute substantial evidence. Nonetheless, in the present case, it appears that petitioner was given the proper opportunity to impeach and merely failed to do so. Accordingly, the decision of the ALJ in this regard is affirmed.

**4.** We note in connection with the X-ray evidence that the ALJ may legitimately give greater weight to the conclusions of qualified Board readers. *See Back,* 796 F.2d at 172; *Lykins v. Director, Office of Workers' Compensation Programs,* 819 F.2d 146 (6th Cir.1987). Although in the present case the re-reads of Dr. Clarke's X-rays (which he considered positive) found his X-rays unreadable, the effect is the same as if

the state of the evidence before the ALJ, we conclude that the ALJ's decision that the interim presumption had not been invoked is supported by substantial evidence.

### III.

Accordingly, for the reasons stated, the decision of the Board is AFFIRMED.

---

they had been re-read as negative; Dr. Clarke's credibility is assailed.