849 F.2d 1473
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William ISAACS, Petitioner,
v.
BAILEY MINING COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 87-3710.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1988.
 
 Before WELLFORD and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 William Isaacs seeks review of the decision of the Benefits Review Board affirming the ALJ's decision to deny his application for disability benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945 (1982). Upon consideration of the briefs and of the evidence in the record, we conclude that the Benefits Review Board did not err in affirming the ALJ's denial of benefits and, accordingly, affirm.
 
 
 2
 Isaacs contends that the medical x-ray evidence is sufficient to invoke an interim presumption of total disability due to pneumoconiosis, under 20 C.F.R. Sec. 727.203(a)(1) (1987). He also argues that the medical opinion of Dr. Lowell D. Martin that he is totally and permanently disabled due to a pulmonary impairment is sufficient to invoke the same presumption under 20 C.F.R. Sec. 727.203(a)(4) (1987).
 
 As another panel of this court has stated:
 
 3
 "[t]his court has a limited scope of review over the decisions of the Benefits Review Board. The Board itself may set aside an administrative law judge's findings of fact and conclusions of law only if they are not supported by substantial evidence, or not in accordance with law. Our scope of review is limited to scrutinizing Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations. What this means, in effect, is that the standards of review for the Benefits Review Board and this Court are the same." Both this court and the Board examine the ALJ's decision to determine whether it is consistent with applicable law and supported by substantial evidence.
 
 
 4
 Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 258 (6th Cir.1988) (quoting Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986) (citations omitted).
 
 Recently, the Supreme Court
 
 5
 rejected the view ... that a single item of qualifying evidence is always sufficient to entitle a claimant to the interim presumption of eligibility under 20 C.F.R. Sec. 727.203(a). See Stapleton v. Westmoreland Coal Co., 785 F.2d 424 (4th Cir.1986) (en banc), rev'd sub nom. Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, --- U.S. ----, 108 S.Ct. 427, 98 L.Ed.2d 450 [(1987) ].
 
 
 6
 Creech v. Benefits Review Bd., 841 F.2d 706, 708 (6th Cir.1988).
 
 
 7
 Rather, the Court held that a claimant is entitled to the presumption when the claimant establishes by a preponderance of the evidence qualifying evidence sufficient to invoke the presumption. See Mullins Coal, 108 S.Ct. at 429, 440. "The Court further held that the ALJ's task, as the trier of fact, is to weigh the quality, and not just the quantity, of the evidence, and that all relevant medical evidence should be considered." Creech, 841 F.2d at 708.
 
 
 8
 Accordingly,
 
 
 9
 petitioner's burden is to show by a preponderance of the evidence the facts required under 20 C.F.R. Sec. 727.203(a)(1)-(4) to cause the presumption to arise. Our review is limited to whether substantial evidence exists for the Board's decision that the petitioner has failed to "establish" by a preponderance of the evidence the requisite predicate facts.
 
 
 10
 Id. at 709 (emphasis in original).
 
 
 11
 Isaacs argues that the x-ray evidence is sufficient to invoke the interim presumption because the earliest chest x-rays in evidence and some subsequent x-rays were interpreted as being positive for pneumoconiosis. While it is true that there are positive interpretations of some x-rays in the record, it also is true that all the initial positive interpretations were by non B-readers.[1] None of the positive readings were confirmed upon re-reading by a B-reader. Although the record indicates that one B-re-reader interpreted an x-ray as positive, that same x-ray simultaneously was interpreted by another B-re-reader as being negative for pneumoconiosis. Moreover, the record does not indicate what the initial reading of this x-ray was.
 
 
 12
 The ALJ was entitled to rely more heavily on the "B-Readers' conclusions due to their expertise in the area." Johnson v. Island Creek Coal Co., No. 86-4153, slip op. at 3-4 (6th Cir. May 12, 1988) (citing Back v. Director, O.W.C.P., 796 F.2d 169 (6th Cir.1986)). Although under some circumstances the Secretary may not rely on a negative re-reading of an x-ray which initially was read as positive by a B or similarly qualified reader, see 30 U.S.C. Sec. 923(b); Moore v. Califano, 633 F.2d 727, 731 (6th Cir.1980); accord Dickson v. Califano, 590 F.2d 616, 623 (6th Cir.1978), nothing prohibits reliance by the Secretary upon a B-reader's negative re-reading of an x-ray which previously was interpreted as positive by a physician who does not possesses the same qualifications.
 
 
 13
 Thus, while there is some conflict in the x-ray evidence, substantial evidence exists in the record to support the Board's conclusion that the ALJ properly decided that the preponderance of the x-ray evidence did not support invoking the interim presumption under 20 C.F.R. Sec. 727.203(a)(1).
 
 
 14
 Substantial evidence also exists in the record to support the Board's conclusion that the ALJ correctly determined that the interim presumption is not invoked under 20 C.F.R. Sec. 727.203(a)(4). Section 727.203(a)(4) provides that the presumption is established if "[o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment." 20 C.F.R. Sec. 727.203(a)(4).
 
 
 15
 Of the eight physicians who completed medical reports on Isaacs's condition, only Dr. Martin opined that Isaacs was totally and permanently disabled. Given the preponderance of the evidence standard established by the Court in Mullins Coal, this fact alone is substantial evidence that the Board correctly upheld the ALJ's decision that the presumption is not invoked under section 727.203(a)(4). Moreover, even Isaacs appears to admit that it is highly questionable whether Dr. Martin's opinion is the result "of a physician exercising reasoned medical judgment," 20 C.F.R. Sec. 727.203(a)(4), when he states in his brief, "[b]ut for negative x-ray readings, normal blood gas studies and pulmonary function studies, all of the other medical and lay evidence supported the opinion of Dr. Martin." Brief for Petitioner at 10. Accordingly, we conclude that substantial evidence supports the decision that the presumption is not invoked under section 727.203(a)(4) as well.
 
 
 16
 For the foregoing reasons, the Benefits Review Board's decision that Isaacs is not entitled to black lung disability benefits is AFFIRMED.
 
 
 17
 GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge, concurring in result.
 
 
 18
 Isaacs had worked in the coal mines for more than 10 years when he quit in 1977. He filed a Black Lung Benefits case shortly thereafter which led to formal hearings before an Administrative Law Judge. The ALJ determined that Isaacs had not presented sufficient evidence to invoke the interim presumption under 20 C.F.R. Sec. 727.203(a).
 
 
 19
 My review of the record convinces me that it provides no substantial evidence to support a contrary result.
 
 
 
 [1]
 "B-readers have greater expertise and training in evaluating X-rays." Warman, 839 F.2d at 261 n. 4; see 20 C.F.R. Sec. 718.202(a)(1)(ii)(E) (1987)