865 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy DANIEL, Petitioner,
v.
CLAIRE BROTHERS, INC.; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 87-3903.
 United States Court of Appeals, Sixth Circuit.
 Dec. 28, 1988.
 
 Before BOYCE F. MARTIN Jr. and WELLFORD, Circuit Judges, and JAMES H. JARVIS*, District Judge.
 PER CURIAM.
 
 
 1
 Billy Daniel, the Black Lung Act claimant in this appeal, argues that the Benefits Review Board improperly found his interim presumption of disability rebutted by the employer, Claire Brothers, Inc., under 20 C.F.R. Sec. 727.203(b)(3) and (4). We affirm.
 
 
 2
 Because Daniel never raised the question of the rebuttal under (b)(4) before the Board, we conclude that he cannot for the first time challenge this finding before this court. He has simply failed to exhaust his administrative remedies in that respect. See Hix v. Director, OWCP, 824 F.2d 526 (6th Cir.1987); Cox v. Benefits Review Board, 791 F.2d 445 (6th Cir.1986).
 
 
 3
 We consider, nevertheless, the issue under (b)(3) whether the employer produced persuasive evidence to show that the claimed disability did not arise, even in part, out of coal mine employment. We conclude that there is substantial evidence to support the decision of the ALJ and the Board that a pneumoconiosis condition did not arise out of Daniel's coal mine employment of some ten plus years. Our standard of review in respect of the ALJ's finding is the same as that of the Board. Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 258 (6th Cir.1988); Welch v. Benefits Review Board, 808 F.2d 443, 445 (6th Cir.1986).
 
 
 4
 We agree with the ALJ's finding in this case that "[t]he x-ray evidence is overwhelmingly negative for pneumoconiosis." In his deposition, Dr. O'Neill, a specialist in internal medicine and pulmonary diseases, made clear that the most important test for diagnosing coalworker's pneumoconiosis is a chest x-ray. Daniel's record contains at least thirteen chest x-ray interpretations finding no evidence of pneumoconiosis. Five of the physicians making these readings are identified in the record as "B readers,"[1] to whose interpretations the ALJ legitimately can give greater weight. See Creech v. Benefits Review Board, 841 F.2d 706, 709 n. 4 (6th Cir.1988); Orange v. Island Creek Coal Co., 786 F.2d 724, 727 (6th Cir.1986). Two additional readings found only a "suggestion" of nodules consistent with pneumoconiosis and that there "may be small pneumoconiocitic opacities."
 
 
 5
 Other medical evidence exists in this case to corroborate the negative x-ray findings. Several physicians, including Dr. Myers and Dr. O'Neill, opined that Daniel suffered from chronic obstructive airway disease and/or emphysema, as opposed to pneumoconiosis. In a report dated February 12, 1985, Dr. O'Neill summarized and considered all the medical evidence in Daniel's file, including the findings and reports of all the physicians who had examined Daniel or read his x-rays, and concluded that the preponderance of the evidence showed that Daniel did not have coalworkers' pneumoconiosis. O'Neill instead found the evidence to indicate severe obstructive airway disease with a restrictive component, probably caused by Daniel's longstanding habit of cigarette smoking.
 
 
 6
 It is the ALJ's function to determine which of conflicting medical opinions to credit and to weigh conflicting evidence in resolving disputes. See Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985). Thus, an ALJ's finding of no pneumoconiosis in a case in which the medical evidence conflicts should be found to be supported by substantial evidence if some of the medical opinions conclude that the claimant does not have pneumoconiosis. See, e.g., Engle v. Director, OWCP, 792 F.2d 63, 64 & n. 1 (6th Cir.1986). Here, where there is a clear majority of physicians who were of the opinion that Daniel showed no evidence of pneumoconiosis, the ALJ's finding of rebuttal under (b)(4) should be affirmed as supported by substantial evidence.[2]
 
 
 7
 Accordingly, we AFFIRM the decision of the Board which denied benefits in this case.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 A "B reader" of x-rays has received a special certification from the National Institute of Occupational Safety and Health. See Orange v. Island Creek Coal Co., 786 F.2d 724, 727 (6th Cir.1986)
 
 
 [2]
 "Clearly, if [the claimant] does not suffer from pneumoconiosis to any extent, pneumoconiosis cannot be a contributing cause to his [disability]." Moseley, 769 F.2d at 362. Therefore, pursuant to the ALJ's (b)(4) rebuttal finding, the (b)(3) rebuttal finding, were it properly before this court, would also have to be affirmed as supported by substantial evidence