**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Petitioner,**

v.

**Herman B. FORESTER, Respondent.**

No. 87–3482.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 22, 1988.

Decided Sept. 30, 1988.

George R. Salem, Donald S. Shire, Barbara J. Johnson, Thomas L. Holaman, Michael J. Denney (argued), U.S. Dept. of

Labor, Office of the Solicitor, Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for petitioner.

Virginia K. Mayle (argued), Clifford M. Farrell, Barkan & Neff Co., Columbus, Ohio, for respondent.

Before KRUPANSKY and WELLFORD, Circuit Judges, and GILMORE,* District Judge.

WELLFORD, Circuit Judge.

This case requires us to settle a dispute between the Director of the Office of Workers' Compensation and the Department of Labor's Benefits Review Board, over how to evaluate a claim filed prior to the 1977 amendments to the Black Lung Benefits Act, 30 U.S.C. § 801 *et seq.* At issue are black lung benefits for the period August 23, 1983 to January 1, 1984.

Plaintiff Herman Forester filed a request for black lung benefits under Part C of the Black Lung Act, 30 U.S.C. §§ 901–945, on August 23, 1973. After the Department of Labor twice denied the claim, Forester requested a formal hearing. Before this hearing occurred, Congress enacted the Black Lung Benefits Act of 1977, which liberalized the criterea for awarding benefits. Part of the Act directed the Department to review pending claims again, using the relaxed standards. 30 U.S.C. § 945(b)(1). In 1980, Forester's claim was again reviewed and denied by the Department of Labor, and again Forester requested a formal hearing.

Forester received his hearing on October 2, 1984. The ALJ found that he had not qualified for the presumption of disability set out in 20 C.F.R. § 727, but went on to inquire whether Forester could establish complete disability under 20 C.F.R. § 410, applicable to all black lung claims prior to the 1977 amendments,[1] which specified that a successful claimant could receive benefits running from the date the initial application was filed. *Id.* § 410.202. The ALJ

---

* The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Prior to 1980, black lung disability criteria were found at 20 C.F.R. § 718. This regulation in turn referred the decisionmaker to 20 C.F.R. § 410.

found Forester completely disabled under this section, and awarded benefits running from August 23, 1973.

In making this award the ALJ rejected the Director's argument that the new regulations would not allow any award prior to January 1, 1974. The Director argued that 20 C.F.R. § 727.303 stated that no awards made after the effective date of the Reform Act could provide recovery for any time before January 1, 1974. The ALJ instead relied on Benefits Review Board decisions stating that any time a miner recovers benefits under the old Act, full retroactive benefits are recoverable. *See Mismash v. Director, OWCP*, 6 B.L.R. 1241 (1984); *Muncy v. Wolfe Creek Colleries*, 3 B.L.R. 627 (1981).

The Director appealed this decision to the Benefits Review Board, and argued it was error to award benefits prior to the January cutoff. The Board upheld the ALJ's decision on the basis of *Wolfe Creek, Mismash*, and *Saylor v. Colowyo Coal Co.*, 9 B.L.R. 85 (1985). This appeal followed.

The Director argues that the ALJ relied on Board precedent, which incorrectly interprets the black lung statute. Under the Director's regulations, a claim such as Forester's, filed between July 1 and December 31, 1973, may not receive benefits for any time prior to January 1, 1974. 20 C.F.R. § 727.303. This cutoff tracks the intent of Congress, according to the Director, because it amended the statute to make recovery of benefits easier in exchange for not having to pay benefits prior to the cutoff date. The Director says this intent is found in the explicit language of the statute ("Any individual whose claim is approved pursuant to this section shall be awarded benefits ... no earlier than January 1, 1974." 30 U.S.C. § 945(c)), and can be implied from the fact that the changes made in the Black Lung Benefits Revenue Act of 1977 made it difficult to locate funds for benefits prior to January 1, 1974. 26 U.S.C. § 9501(d)(3).

The crux of the Director's argument in this case is that the ALJ should not have applied the regulations found at 20 C.F.R. § 410 once he concluded Forester did not meet the presumption requirements of 20 C.F.R. § 727.203. Section 727.203(d) states, "Where eligibility is not established under this section, such eligibility may be established under Part 718 as amended from time to time." As noted previously, prior to 1980, Part 718 merely incorporated by reference the requirements of Part 410, along with that regulation's statement that benefits could be fully retroactive. Since 1980, the Part 718 regulations have set out their own requirements for disability, and they clearly do not allow for full retroactive benefits. In applying the pre–1980 version of Part 718 (and consequently Part 410) in this case, the ALJ relied upon *Muncy v. Wolfe Creek Colleries, Inc.*, 3 B.L.R. 627 (1981), in which the Board decided Congress intended a claim to be adjudicated under the standards applicable at the time the claim was filed. The Director argues this is an erroneous interpretation, and points again to the fact that the legislative history of the statute indicates a desire to foreclose full retroactive benefits in exchange for easier recovery. This being the case, it argues that the new Part 718 regulation must control the outcome of this case, and that a decision awarding pre–1974 benefits must be overruled. We disagree.

The single most important fact in this case is that Forester filed a claim and was able to establish a right to benefits under the pre–1977 Black Lung Act. It is true he received a new evaluation of his case in 1980 pursuant to the 1977 amendments, but the ALJ's decision clearly reflects that he was completely disabled under the older, more stringent requirements of Part 410. Under this circumstance we have held an applicant is entitled to attempt to recover fully retroactive benefits under the old statute because Congress intended to make recovery easier, not harder. *Kyle v. Director, OWCP*, 819 F.2d 139, 143 (6th Cir. 1987); *Moore v. Califano*, 633 F.2d 727, 732–35 (6th Cir.1980). While addressing slightly different factual circumstances, the thrust of these decisions is that a miner should not be given *less* benefits under statutory amendments which were designed to assist him. The Director cites

legislative history to support his contention that Congress may not have intended that claimants such as Forester recover benefits. We believe, however, that the one overriding purpose behind the 1977 amendments was to make it easier to recover benefits. *Kyle*, 819 F.2d at 143; *see also Broyles v. Director, OWCP*, 824 F.2d 327, 328 (4th Cir.1987); *cert. granted,* —— U.S. ——, 108 S.Ct. 1288, 99 L.Ed.2d 499 (1988); *Echo v. Director, OWCP*, 744 F.2d 327, 330 (3d Cir.1984). Accordingly, we feel bound to affirm the award in this case.

Congress has directed the Director to promulgate regulations for Part C claimants which are no more restrictive than those in effect prior to June 30, 1973. 30 U.S.C. § 902(f)(2). Because the new Part 718 regulations would limit retroactive benefits while the previous regulations, in force June 30, 1973, would allow full retroactive benefits, we find the new regulations to be more restrictive and therefore contrary to congressional intent. In this regard we disagree with the positions of those courts which have found the regulations not to be more restrictive. *See Caprini v. Director, OWCP*, 824 F.2d 283, 284 (3d Cir.1987); *Strike v. Director, OWCP*, 817 F.2d 395, 406 n. 9 (7th Cir. 1987). We hold the ALJ correctly relied upon *Muncy* and its progency to afford Forester review under the regulations in force at the time his claim was filed, and correctly awarded him full retroactive benefits under those regulations.

Accordingly, the decision of the Benefits Review Board is AFFIRMED.