878 F.2d 1436
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl FOX, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-4076.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1989.
 
 Before KENNEDY, RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claimant, Carl Fox, appeals from the denial of his application for benefits filed under Part C of the Black Lung Benefits Act (Act), as amended, 30 U.S.C. Sec. 901, et seq. The application was filed initially on December 6, 1974, and was administratively denied on November 8, 1978, June 12, 1980, and September 29, 1981. Fox requested a hearing before an administrative law judge (ALJ) which was held on June 3, 1986. The ALJ denied benefits and the Benefits Review Board (Board) affirmed. Fox then petitioned this court for review.
 
 
 2
 On appeal, claimant argues that the ALJ's evaluation of the claim under 20 C.F.R. Part 727 resulted in a conclusion that is not supported by substantial evidence. Claimant also argues that the ALJ failed to properly apply 20 C.F.R. Sec. 410.414 to the facts of this claim. After conducting our own review of the record, we conclude that the Board should be affirmed.
 
 I.
 
 3
 Fox was born in 1932, and began working in the mines in 1951 as a coal loader. His coal mine work covered an eleven-year period during which he also ran a cutting machine and coupled cars. His work in the mines ended when his employer went out of business. Fox has been employed on and off since then, but he did not return to the mines, and generally worked at light to medium exertion level jobs.
 
 
 4
 At the hearing before the ALJ, claimant's evidence consisted primarily of the reports of four doctors. Fox could not establish total disability through x-rays, ventilatory studies, or arterial blood gas studies. He thus had to rely on the provisions of 20 C.F.R. Sec. 727.203(a)(4) and demonstrate that "[o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establish[ed] the presence of a totally disabling respiratory or pulmonary impairment." Such medical reports must establish the disability by a preponderance of the evidence. Engle v. Director, OWCP, 792 F.2d 63, 64 n. 1 (6th Cir.1986); see also Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, ----, 108 S.Ct. 427, 440 (1987). Claimant must prove that his respiratory impairment, by itself, totally disables him from his usual coal mine employment or comparable and gainful employment. York v. Jewell Ridge Co., 7 B.L.R. (MB) 1-766, 1-769 (1985).
 
 
 5
 Dr. Cordell Williams examined Fox in late 1974 and found him to have no significant pulmonary disease. In July 1976, Dr. Carl Nobel concluded, after examination, that Fox had pneumoconiosis, but expressed no opinion as to disability. Dr. Boyce Jones examined Fox in August 1976 and diagnosed pneumoconiosis on the basis of an x-ray. Dr. Jones advised Fox to avoid exposure to irritating dust. The chest x-ray on which Dr. Jones relied was later determined to be unreadable by a B-reader. An unreadable x-ray is equated with a negative reading. Creech v. Benefits Review Board, 841 F.2d 706, 709 n. 4 (6th Cir.1988). Fox does not claim that any of these three reports are sufficient to establish total disability. Rather, he relies on the reports from the Taulbee, Lilly and Suttles Clinic. Although claimant refers to the clinic as his treating physician, it is less than clear for what they were treating him. Fox first visited the clinic on May 18, 1974, complaining of inability to sleep at night and constant worry. The diagnosis was anxiety reaction with depression. He was treated with Elavil.
 
 
 6
 On December 6, 1974,[1] Fox again visited the clinic complaining of shortness of breath. He gave a history of working in the coal mines for eight years and smoking three quarters of a pack of cigarettes a day. Fox denied excessive coughing or mucous production. A chest x-ray was taken. The doctor, whose name is not given in the report, indicated: "My impression is pneumoconiosis."
 
 
 7
 On November 19, 1975, a year later, Fox again went to the clinic and was given a prescription for Valium. Three months later, Fox returned to the clinic for the last visit noted in the record. The doctor's notes indicate in pertinent part:
 
 
 8
 Returns for check up on his lung condition. States that he's been to Dr. Williams at Hazard and Dr. Clark in Lexington for evaluation of his lung disease. One physician stated he had black lung, the other stated he had emphysema and was 60-70% disabled. Because of the lung disease. He continues to be symptomatic as above. There doesn't seem to be any worsening in his condition nor is there any improvement. He does complain of excessive nervousness and itching all over and having difficulty sleeping at night. BP 148/96, the patient was slightly aggitated, very restless, and even had a tremor to the right half of his body which was an intention tremor due to tension I believe. Lungs are examined. The breath still very distant and the chest is slightly hyper expanded. My impression is still COAD, etiology not accurately determined at this stage. He's also mildly hypertensive, and 3rd DX is severe anxiety. He was continued on Dilor G and put on Val. 5, and in my opinion this man is disabled to do manual labor that would require heavy breathing, whether he is 100% disabled or not is immaterial because the only thing he's trained to do is heavy manual labor and he's definitely unable to do that.
 
 
 9
 (App. 26).
 
 
 10
 On the basis of this February 6, 1976, report, Fox claims to be entitled to the invocation of the interim presumption of total disability due to pneumoconiosis. The ALJ found this report to be insufficient because it did not analyze claimant's disability in terms of his ability to perform his usual coal mine work. The doctor appeared to assume that all coal mine work was heavy manual labor. The ALJ also found that there was a complete void in the record as to the nature of the miner's prior duties and whether they involved heavy manual labor or not. We agree with the ALJ's conclusion. A claimant must produce evidence indicating the nature of the exertion and duties involved with his prior coal mine work. It is not incumbent upon an ALJ to infer the duties of a coal loader and whether the clinic report finding claimant totally disabled from manual labor requiring heavy breathing precluded claimant from performing those duties. The claimant bears the burden of proving affirmatively that his job as a coal loader entailed such manual labor.
 
 
 11
 We note also that no special weight need be given the clinic's report in this case. Although alleged to be the treating doctor, the primary treatment being afforded was as to claimant's anxiety condition, and the visits were sporadic in nature. The clinic reports themselves reflect that other doctors were involved with diagnosing and treating claimant's respiratory problems.
 
 II.
 
 12
 Having found the evidence insufficient to invoke the interim presumption under 20 C.F.R. Part 727, the ALJ went on to consider claimant's entitlement under 20 C.F.R. Part 410.[2] Claimant argues that pursuant to the provisions of 20 C.F.R. Sec. 410.414(b)(4), he proved the existence of a severe lung impairment through "other relevant evidenc."[3] The other relevant evidence consists, according to Fox, of the clinic report which states he cannot do heavy manual labor which equates to having a severe respiratory impairment. Claimant then goes on to argue that, since Part 410 only requires the establishment of a severe lung impairment, he was entitled to the presumption of total disability.[4] In short, Fox argues that he need not show his severe lung impairment is totally disabling. We reject this interpretation of section 410.414(b)(4). The Act provides that for miners who have worked fifteen or more years in the mines, there must be a showing of a totally disabling respiratory or pulmonary impairment. 20 C.F.R. Sec. 410.414(b). It would indeed be anomalous if a miner with less than fifteen years of mine employment would be faced with a lesser burden of proof. We conclude that Congress intended that a totally disabling respiratory or pulmonary impairment be the threshold.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 This is also the date that Fox applied for benefits
 
 
 [2]
 In considering this claim under the Part 410 criteria, the ALJ followed the Benefits Review Board's decision in Muncy v. Wolfe Creek Collieries, 3 B.L.R. (MB) 1-627 (1981), which this court approved in Director, OWCP v. Forester, 857 F.2d 1121 (6th Cir.1988). Contra, Caprini v. Director, OWCP, 824 F.2d 283 (3d Cir.1987); Strike v. Director, OWCP, 817 F.2d 395 (7th Cir.1987)
 
 
 [3]
 20 C.F.R. Sec. 410.414(b)(4) reads as follows:
 However, where the evidence shows a work history reflecting many years of such coal mine employment (although less than 15), as well as a severe lung impairment, such evidence may be considered, in the exercise of sound judgment, to establish entitlement in such case, provided that a mere showing of a respiratory or pulmonary impairment shall not be sufficient to establish such entitlement.
 
 
 [4]
 Since Fox worked in excess of ten years in the mines, he was entitled to the presumption that the pneumoconiosis arose from coal mine employment