891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul YORK, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-4179.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1989.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Paul York ("petitioner") seeks review of an order of the Benefits Review Board ("Board") affirming the decision of the administrative law judge ("ALJ") denying disability benefits under the Black Lung Act, 30 U.S.C. § 901 et seq. For the reasons that follow, we reverse.
 
 I.
 
 2
 Petitioner is a former coal miner with eight years of coal mine employment, who was sixty-years-old at the time of the ALJ's decision. Petitioner was employed by the Blue Diamond Coal Company in Leatherwood, Kentucky, from 1943 until 1952. Petitioner left his coal mining job in 1952 to work for General Motors on an assembly line, where he continued to work for nineteen years. He retired from General Motors in 1972 after losing a leg in an automobile accident.
 
 
 3
 Petitioner filed an application for black lung benefits on June 25, 1974. The Department of Labor denied petitioner's claim for benefits, and thereafter a formal hearing was held before an ALJ in Tampa, Florida, on July 21, 1980, at which petitioner proceeded pro se. The ALJ evaluated petitioner's claim under the regulations at 20 C.F.R. Part 718, and issued a decision and order denying benefits on December 2, 1980. Petitioner appealed the decision to the Board, and on January 26, 1983, the Board, finding petitioner was not afforded a full and fair hearing, vacated the ALJ's decision and remanded the case for further proceedings. The Board also decided the ALJ erred by applying Part 718, and stated that the regulations at 20 C.F.R. Part 410 were applicable to petitioner's claim.
 
 
 4
 On May 8, 1984, a second hearing was held at which petitioner was represented by counsel. Because petitioner failed to establish he had more than ten years of coal mine employment, he did not satisfy the criteria of 20 C.F.R. Part 727, and the ALJ evaluated his claim pursuant to the criteria at 20 C.F.R. Part 410. The ALJ determined that petitioner failed to establish that he has pneumoconiosis or a totally disabling respiratory impairment arising from coal mine employment, and therefore concluded that petitioner was not entitled to disability benefits. On September 30, 1986, the Board affirmed the ALJ's decision, finding it was based on substantial evidence.
 
 
 5
 On October 18, 1986, petitioner submitted a letter to the Board stating his dissatisfaction with the Board's decision, requesting an appeal, and asking for instructions on filing an appeal. The Board advised petitioner that jurisdiction over his appeal lay with the United States Court of Appeals for the Eleventh Circuit, and on January 30, 1987, petitioner filed a petition for review in the Eleventh Circuit. However, on May 27, 1987, the Eleventh Circuit transferred the case to this circuit because petitioner's coal mine employment occurred solely within the Commonwealth of Kentucky. Petitioner filed his brief pro se on July 2, 1987, and prior to the filing of respondent's brief, we remanded the case to the Board, determining that petitioner's letter of October 18, 1986, was a timely motion for reconsideration en banc of the Board's decision and order of September 30, 1986. On December 19, 1988, the Board denied petitioner's motion for reconsideration en banc and reaffirmed its finding that the ALJ's decision denying benefits was supported by substantial evidence. Petitioner filed the present petition pro se on January 6, 1989. The principal issue presented is whether the ALJ's decision denying benefits is supported by substantial evidence.
 
 II.
 
 6
 The standard of review to be applied in this case is whether the ALJ's decision is "supported by substantial evidence and in accordance with the applicable law." Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In reviewing findings of fact, we do not reweigh the evidence but only inquire into the existence of evidence to support the findings. Creech v. Benefits Review Board, 841 F.2d 706, 708 (6th Cir.1988).
 
 
 7
 Because petitioner had less than ten years of coal mine employment, the ALJ properly determined that petitioner was unable to invoke the interim presumption of Part 727. Therefore, adhering to the instructions given in the Board's order of remand, the ALJ evaluated petitioner's claim under 20 C.F.R. Part 410. However, application of Part 410 to petitioner's claim was erroneous.
 
 
 8
 In Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989), we held, "A claimant who fails to establish eligibility for benefits under the interim regulations of § 727.203 is not automatically denied benefits; under § 727.203(d), a claimant may attempt to establish eligibility under the permanent regulations of Part 718." Originally, Part 718 merely incorporated by reference the permanent HEW regulations found at Part 410. However, effective April 1, 1980, permanent labor regulations were enacted, creating a new Part 718. Id.
 
 
 9
 The issue before the court in Knuckles was whether to apply the "old" Part 718 or the "new" Part 718 under section 727.203(d) to claims filed before March 31, 1980, but adjudicated thereafter. We held that "new" Part 718 should apply to a claim for benefits filed before March 31, 1980, but adjudicated thereafter. Id. at 999. We remanded the case to the Board with instructions to remand it to the ALJ for consideration of petitioner's claim under Part 718. Id. We further explained our holding in Knuckles in Saginaw Mining Co. v. Ferda, 879 F.2d 198 (6th Cir.1989), wherein we stated:
 
 
 10
 In cases, like this one, where the claimant files an application for benefits prior to the enactment of the permanent labor regulation, but his claim is adjudicated thereafter, the interim labor presumptions of Part 727 apply. If the claimant is unable to invoke the interim presumption, then consideration must be given to whether he establishes disability under the permanent labor regulations of Part 718.
 
 
 11
 Id. at 204.
 
 
 12
 Knuckles and Saginaw Mining are applicable to the present case. Petitioner filed his claim on June 25, 1974, but his claim was not adjudicated before an ALJ until July 21, 1980. Because petitioner was unable to invoke the interim presumption under Part 727, his claim fell under section 727.203(d), which provides that petitioner's claim should be evaluated under Part 718. However, because the ALJ erroneously evaluated petitioner's claim under Part 410, the decision is not "in accordance with the applicable law." Kolesar, 760 F.2d at 729.[1]
 
 III.
 
 13
 For the reasons stated, the petition is GRANTED, and the case is REMANDED to the Benefits Review Board with instructions to REMAND it to the ALJ for consideration of petitioner's claim under Part 718.
 
 
 
 [1]
 We note that it appears that petitioner's most recent ventilatoy study, taken on December 16, 1983, may have produced qualifying results under the criteria of Appendix B of Part 718