search the home at any time prior to surrendering the gun.

Finally, the court concludes that Jones' low intelligence and negligible schooling contributed to the involuntariness of his consent. While a defendant's intelligence is a relevant factor in determining whether his consent is freely given, *Schneckloth*, 412 U.S. at 248, 93 S.Ct. at 2058–59, this court should not be quick to ignore the distinction between a defendant's general intelligence and formal schooling and his familiarity, rooted in experience, with police practices. Jones has had ample firsthand experience in confronting the police. He has one murder conviction and two felony convictions for delivery of marijuana, and was on parole at the time of his arrest in this case. He was, to say the least, "street wise." The district court concluded as much:

> I'm satisfied that he [Jones] was on the spot, he knew that—he had been seen with the gun, he knew that he was a convicted felon, he knew that they knew he was a convicted felon, *and he was under some pressure, but the pressure was because of the trouble he was in, and not because of anything that the police did.*
>
> He decided that the best thing to do was to cooperate with the police and let them get the gun and hope that the issue would go away, because he knew he was in a pile of trouble.

(Emphasis added.)

The foregoing is not merely an idle observation by the trial court. It is a specific finding of fact, after a lengthy evidentiary hearing, that despite the presence of some arguable indicia of involuntariness, the actual consent to enter the house to find the gun was freely given for the reasons found by the district court. That finding, and those reasons, turn entirely upon the credibility of the witnesses who testified before the district court, particularly the credibility of the defendant Jones. It is a finding with which the majority opinion disagrees but it is not one that justifies the appellate conclusion that "the district court ignored factors under the *Schneckloth* guidelines."

On appeal, this court generally defers to the district court's credibility assessments unless clearly erroneous. *See, e.g., United States v. Puglisi*, 790 F.2d 240, 244 (2d Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 106, 93 L.Ed.2d 55 (1986). The district court specifically found Jones' version of the facts lacking in credibility. Further, voluntariness is "a question of fact to be determined from the totality of the circumstances." *Schneckloth*, 412 U.S. at 227, 93 S.Ct. at 2048. The district court's conclusion that Jones' consent was voluntary, informed, and rational is "plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985). "When there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* at 1512.

Accordingly, I would affirm.

Comas **JOHNSON**, Petitioner,

v.

**ISLAND CREEK COAL CO., and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 86–4153.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 12, 1987.

Decided May 12, 1988.

Albert A. Burchett (argued), Prestonsburg, Ky., for petitioner.

Allen Prunty, Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for Island Creek Coal.

Martin Hall, Office of the Sol., U.S. Dept. of Labor, J. Michael O'Neill, Marta Kusic, Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for respondents.

Before: KRUPANSKY and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.

KRUPANSKY, Circuit Judge.

Petitioner, Comas Johnson (Johnson), petitioned this court for review of the decision of the Benefits Review Board of the United States Department of Labor (Board) denying him disability benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, *et seq.*

Johnson worked as a coal miner for approximately 19 years and had an eighth grade education. Johnson retired in 1975 when he began experiencing shortness of breath, and subsequently filed a claim for black lung disability benefits on April 22, 1977. His claim was denied initially on February 27, 1980, and Johnson timely requested a hearing before an administrative law judge (ALJ).

The ALJ conducted a hearing on June 5, 1984 and issued a decision on November 13, 1984 denying Johnson's claim for black lung disability benefits. Johnson submitted 27 x-ray interpretations to the ALJ. The initial two x-ray readings were positive as to pneumoconiosis. However, of the 25 following x-ray readings and rereadings, 19 were negative and five were positive as to pneumoconiosis. In fact, all x-ray interpretations submitted by B–Readers [1] (eleven in all) were negative for pneumoconiosis. The ALJ accordingly concluded that the weight of the evidence was insufficient to invoke the interim presumption of 20 C.F.R. § 727.203(a)(1). Further, the ALJ determined that other evidence such as ventilatory function studies, arterial blood gas studies and medical opinions failed to establish entitlement to the interim presumptions contained in 20 C.F.R. § 727.203(a)(2)–(4). On November 21, 1986, the Benefits Review Board unanimously affirmed the ALJ's decision.

On review, Johnson argued that the ALJ's conclusion that he was not entitled to the interim presumption of 20 C.F.R. § 727.203(a)(1) was incorrect as a matter of law. Specifically, Johnson argued that an initial single positive x-ray interpretation indicating pneumoconiosis was sufficient to invoke the interim presumption even if contradicted by later negative x-ray readings or rereadings.

This Court will not reverse the ALJ's finding if substantial evidence supports the ALJ's determination that the claimant is not entitled to the invocation of the interim presumption. *Engle v. Director, O.W.C.P.,* 792 F.2d 63 (6th Cir.1986). "Our function is only to see that the decision of the ALJ and Board was supported by substantial evidence, and that all evidence that the

---

1. A B–Reader is one who has passed an examination testing his proficiency in detecting the presence of pneumoconiosis in chest x-rays. *Mullins Coal Co. v. Director,* — U.S. —, 108 S.Ct. 427, 432, n. 16, 98 L.Ed.2d 450 (1987); *Gibas v. Saginaw Mining Company,* 748 F.2d 1112, 1114, n. 3 (6th Cir.1984), *cert. denied,* 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985).

statute mandates to be considered has been considered." *Engle* 792 F.2d at 64.

The Supreme Court has recently addressed the issue presented in this case as to the burden of proof necessary to invoke the interim presumption. In *Mullins Coal Co. v. Director,* — U.S. —, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), the Court held that the claimant must prove by a preponderance of the evidence that he is entitled to the interim presumption of 20 C.F.R. § 727.203(a). The presumption is not available to a claimant "... when the claimant is merely in a position to offer a single item of qualifying evidence that is overcome by more reliable conflicting evidence." *Mullins,* 108 S.Ct. at 439.

Recently, in *Creech v. Benefits Review Board,* 841 F.2d 706 (6th Cir.1988), the Sixth Circuit followed the reasoning in *Mullins.* In *Creech,* three x-rays had been performed upon the claimant. The first and third x-rays had been initially interpreted as positive for pneumoconiosis; however, upon rereadings by B-readers, the x-rays were determined to be unreadable. The second x-ray had been interpreted as negative for pneumoconiosis. The court concluded that the ALJ properly weighed the conflicting evidence by using the preponderance of the evidence test to determine whether the interim presumption should be invoked even when the first x-ray was initially interpreted as positive for pneumoconiosis. *Creech,* at 709.

In the present case, Johnson offered as proof of pneumoconiosis two initial and five subsequent x-rays indicating positive results. However, 19 x-ray interpretations did not establish any pneumoconiosis. In fact, all B–Readers have interpreted x-rays of Johnson as negative. The ALJ is entitled to place more weight to B–Readers' conclusions due to their expertise in the area. *Back v. Director, O.W.C.P.,* 796 F.2d 169 (6th Cir.1986). Therefore, there was substantial evidence to support the ALJ's determination that Johnson failed to meet his burden of proof to invoke the interim presumption.

Accordingly, the Benefits Review Board's decision that the appellant was not entitled to black lung disability benefits is AFFIRMED.