867 F.2d 611
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ellis CASTLE, Jr., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 87-3570.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1989.
 
 Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner Ellis Castle, Jr. (Castle) appeals the final decision of the Benefits Review Board (BRB) denying him benefits under the Federal Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. We affirm.
 
 
 2
 * Castle was born on January 4, 1935. The Director conceded, and the ALJ determined, that the record established 14 years of coal mine employment.
 
 
 3
 Castle applied for federal black lung benefits on May 25, 1973. By February 17, 1976, the claim had been denied by the administrative process, and the case was referred to the Office of the Administrative Law Judges for hearing as the petitioner requested. Castle received a hearing before an ALJ, and his claim was denied. On November 3, 1976, the Appeals Council vacated the decision on the basis that the ALJ had been unresponsive to certain issues, and remanded the case to determine those issues. On November 6, 1984, ALJ Avery heard the case, and in a Decision and Order dated June 14, 1985, denied benefits. On May 21, 1987, the Board affirmed the ALJ. Castle filed a timely appeal to this court from that final decision.
 
 II
 
 4
 Based on his review of the entire medical record, including chest X-rays, ventilatory function and arterial blood gas studies, physicians' reports and opinions, and hospitalization records, ALJ Avery determined that the interim presumption of pneumoconiosis was not invoked under 20 C.F.R. 727.203(a)(1). He determined that the most recent chest X-ray was dispositively read as negative by board certified radiologists and B-readers, and that these readings outweighed earlier positive readings by less qualified readers. The ALJ then reviewed the claim under 20 C.F.R. Part 410 and held that Castle was not entitled to benefits because the record failed to establish that he suffered from pneumoconiosis, or from a totally disabling respiratory or pulmonary impairment.
 
 
 5
 In his appeal to the Benefits Review Board, Castle contended that the ALJ erred in failing to invoke the interim presumption based on positive chest X-ray evidence, and supporting physician reports finding the existence of a totally disabling respiratory or pulmonary impairment. In a Decision and Order issued May 21, 1987, the Board upheld the ALJ's weighing of the chest X-ray interpretations and the physicians' reports as consistent with prevailing Sixth Circuit case law. Beck v. Director, OWCP, 796 F.2d 169 (6th Cir.1986); Bozick v. Consolidation Coal Co., 735 F.2d 1017 (6th Cir.1984).
 
 
 6
 The medical record is extensive and consists of thirteen chest X-ray readings, the results of five pulmonary function and two arterial blood gas studies, letter and physical examination reports from several different physicians, hospital records, and two depositions.
 
 III
 
 7
 Castle argues that the ALJ erred in determining that the conflicting record of chest X-ray evidence was insufficient to support invocation of the interim presumption under 20 C.F.R. Sec. 727.203(a)(1). Castle essentially argues that the ALJ erred in not invoking the interim presumption under Sec. 727.203(a)(1) on the basis of the positive chest X-ray interpretations of Drs. Anderson and Musgrove, and the supporting diagnoses of pneumoconiosis by Drs. O'Neill, Penman, Chism, and Fritzhand.
 
 
 8
 In reviewing Benefits Review Board final decisions, our role is limited to "scrutiniz[ing] Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations." Director, OWCP v. Rowe, 710 F.2d 251, 254 (6th Cir.1983). If adequately supported by record evidence and not inconsistent with the applicable law, the ALJ's determinations are conclusive, even though the facts may permit the drawing of diverse inferences. Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985).
 
 
 9
 Under Sixth Circuit precedent at the time of the Appeals Council decision, when record X-ray evidence is in conflict, all the evidence must be considered and weighed together in determining whether the interim presumption must be invoked pursuant to 20 C.F.R. Sec. 727.203(a)(1) (1987). Prater v. Hite Preparation Co., 829 F.2d 1363 (6th Cir.1987).
 
 
 10
 Subsequently, in Mullins Coal Company v. Director, 108 S.Ct. 427 (1987), the Supreme Court strongly upheld the Secretary's regulations and interpretation that the presumption is not automatically invoked by a single or even several positive X-ray readings. Rather, what is required is that the ALJ "weigh conflicting interpretations" of the evidence in order to "determine whether it tends to prove or disprove the existence of pneumoconiosis...." Id. at 434.
 
 
 11
 Our Circuit has followed this reasoning in two recent cases, affirming that "the presumption is not available to a claimant '... when the claimant is merely in a position to offer a single item of qualifying evidence that is overcome by more reliable conflicting evidence.' " Johnson v. Island Creek Coal Company, 846 F.2d 364, 366 (6th Cir.1988) quoting Mullins, 108 S.Ct. at 439. Accord Creech v. Benefits Review Board, 841 F.2d 706 (6th Cir.1988).
 
 
 12
 In the instant case, the most recent chest X-ray evidence, dating from September 1980 and March 1981, was uniformly read as completely negative for pneumoconiosis by board-certified radiologists and B-readers. Since pneumoconiosis is a progressive disease, this evidence could reasonably be attributed greater weight by the ALJ than other pieces of record X-ray evidence. Dr. Anderson's positive X-ray reading is dated May 9, 1973, and Dr. Musgrove's positive X-ray reading is dated August 10, 1974, both of which are thus several years before the most recent X-ray evidence. Moreover, the ALJ determined that the only X-ray read by a board-certified radiologist and/or 'B' reader in 1973 or 1974 was given a completely negative reading. B-readers' interpretations are also entitled to greater weight. Though there are positive X-ray readings, it was within the ALJ's discretion to attribute greater weight to those X-rays read negatively for pneumoconiosis, and to conclude that pneumoconiosis was not established by chest X-ray evidence.
 
 
 13
 While the record contains diagnoses from various physicians supporting the positive readings by Dr. Anderson in 1973 and Dr. Musgrove in 1974, the most recent and probative diagnosis by Dr. Broudy, an examining physician, supports the B-readers' uniformly negative readings of the most recent X-ray evidence. Dr. Broudy reached this conclusion on the basis of a full examination, including a chest X-ray, pulmonary function study, and an arterial blood gas study. Dr. Broudy's diagnosis further buttresses the ALJ's decision not to invoke the interim presumption.
 
 
 14
 Based on the above facts from the record, the ALJ had substantial evidence for his determination, based on the weighing of all of the material in the records, that the interim presumption under Sec. 727.203(a)(1) should not be invoked, because there was not a preponderance of the evidence indicating the existence of pneumoconiosis. Under Mullins, this is the proper standard to apply.
 
 
 15
 Therefore, the ALJ could properly determine that the interim presumption had not been invoked, and accordingly, the final decision of the BRB to deny benefits under the federal Black Lung Act to petitioner must be AFFIRMED.