871 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Nathan CASEY, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3501.
 United States Court of Appeals, Sixth Circuit.
 March 23, 1989.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and GEORGE C. SMITH,* District Judge.
 PER CURIAM.
 
 
 1
 Nathan Casey applied for benefits under the Federal Coal Mine Health and Safety Act, 30 U.S.C. 901 et seq. on June 13, 1979. His claim was denied administratively on August 28, 1979 and again on September 2, 1980. Casey requested an informal hearing which was subsequently held on October 20, 1981. Following this hearing the denial of benefits was affirmed. Casey then requested a formal hearing. Such a hearing was held before an administrative law judge on February 25, 1986 at Pikeville, Kentucky. On September 2, 1986 the administrative law judge entered a decision and order affirming the denial of benefits. Casey appealed this decision to the Benefits Review Board. On May 18, 1988 the Board entered a decision and order which affirmed the administrative law judge's denial of benefits on the grounds that it was supported by substantial evidence. Casey takes his appeal from this decision. For the reasons stated below we affirm.
 
 
 2
 Casey contends that he is entitled to the interim presumption of disability due to pneumoconiosis provided by 20 C.F.R. Sec. 727.203. Under this section a claimant must produce one of four types of medical evidence which show that the claimant suffered from pneumoconiosis. The administrative law judge found that Casey failed to establish the existence of pneumoconiosis through any of the required forms of medical evidence.
 
 
 3
 Our scope of review is limited in this case. This court will not reverse the determination of an administrative law judge that a claimant is not entitled to the interim presumption if that determination is supported by substantial evidence. Engle v. Director, O.W.C.P., 792 F.2d 63 (6th Cir.1986).
 
 
 4
 Under section 727.203(a)(1), a chest x-ray which meets certain standards may establish the existence of pneumoconiosis. In this case there were seven interpretations of four chest x-rays in the record. The administrative law judge considered all the x-ray evidence available. He did, however, give greater weight to readings of x-rays by Board-certified radiologists and "B-readers."[1] The law permits an administrative law judge to weigh x-ray evidence in this fashion. See Creech v. Benefits Review Board, 841 F.2d 706, 709 n. 4 (6th Cir.1988) and Johnson v. Island Creek Coal Co., 846 F.2d 364, 366 (6th Cir.1988). Due to the progressive nature of pneumoconiosis an administrative law judge may also give greater weight to the most recent x-rays, but not in a mechanical fashion. See Consolidation Coal Co. v. Chubb, 741 F.2d 968, 974-75 (6th Cir.1984).
 
 
 5
 Of the seven interpretations of the four x-rays in this case, only three were positive. The first two x-rays were made in 1979 and were interpreted as "normal" and "completely negative." The most recent x-ray was made on October 1, 1982. A B-reader and board-certified radiologist interpreted it as negative. It was also interpreted twice by another physician, once when he was an A-reader and again when he was a B-reader. He interpreted the x-ray as positive for pneumoconiosis both times. The administrative law judge found no reason to prefer one B-reader interpretation over another. Thus he found the October 1, 1982 x-ray equivocal and the two interpretations cancelled one another out. The next most recent x-ray was made on November 10, 1981. It was interpreted as positive by an A-reader, but found to be unreadable by a B-reader and board-certified radiologist. The administrative law judge gave greater weight to the B-reader's interpretation. In light of all this information, the administrative law judge concluded that the x-ray evidence did not support the conclusion that Casey suffers from pneumoconiosis. We cannot say that this conclusion is not supported by substantial evidence.
 
 
 6
 The interim presumption of section 727.203(a) may also be invoked if pulmonary function study results are equal to or below the values listed in the table in section 727.203(a)(2). Four pulmonary function studies of Casey were conducted. On July 24, 1979 a study of Casey was made whose reported values were equal to those in the table. Unfortunately, this study was invalidated because the test was terminated prior to its completion. Casey, apparently, experienced dizziness, diaphoresis and shortness of breath before the study could be finished. The administrative law judge correctly found this study to be invalid. This decision did not prejudice Casey since he was able to complete a pulmonary function study three years later, on October 18, 1982. This study produced nonqualifying results. The administrative law judge's decision not to invoke the interim presumption under section 727.203(a)(2) was supported by substantial evidence.
 
 
 7
 The interim presumption of section 727.203(a) may also be invoked if the values obtained from a blood gas study of the claimant are equal to or below the values contained in the tables in section 727.203(a)(3). The administrative law judge found that neither of the two blood gas studies of record conducted on Casey yielded qualifying values. Casey did not contest this finding to the Benefits Review Board nor does he challenge it before this court.
 
 
 8
 Disability due to pneumoconiosis may also be presumed under section 727.203(a)(4) if the claimant provides other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, which establishes the presence of a totally disabling respiratory or pulmonary impairment. Casey argues that the administrative law judge did not accord the proper weight to the opinions of Dr. Clarke and Dr. Alonso. He also suggests that the administrative law judge improperly discounted these opinions because Drs. Clarke and Alonso did not expressly describe Casey's condition in terms of being "totally disabled."
 
 
 9
 The administrative law judge's decision not to invoke the presumption under section 727.203(a)(4) is supported by substantial evidence. Of the five physicians whose opinions appear in the record, only Dr. Clarke concluded that Casey was permanently and totally disabled due to pneumoconiosis. Dr. Myers did not attribute Casey's disability to pneumoconiosis. Drs. Johnson and Fritzhand failed to comment on Casey's functional impairment, if any. Dr. Alonso, Casey's treating physician, did not conclude that Casey was disabled. He did report that Casey claimed that "his difficulties continue to be progressive and disabling." This description, however, was a restatement of what Casey claimed, not Dr. Alonso's own medical judgment.
 
 
 10
 The administrative law judge weighed these several opinions. He accorded greater weight to the opinions of Drs. Alonso and Myers because they were the most recent evidence. See Bates v. Director, 7 BLR 1-113 (1984). This makes sense given that pneumoconiosis is a progressive and irreversible disease. The administrative law judge also properly accorded Dr. Alonso's opinion more weight as the claimant's treating physician. See Spears v. Secretary of Health and Human Services, No. 83-5660, slip op. (6th Cir. Aug. 30, 1984) citing King v. Heckler, 742 F.2d 968, 973 (6th Cir.1984). The administrative law judge found that this medical opinion evidence would not support the conclusion that Casey suffered from a totally disabling respiratory or pulmonary impairment. This conclusion was supported by substantial evidence.
 
 
 11
 Finally, the administrative law judge found that Casey was not eligible for benefits under the regulations set forth at 20 C.F.R. Sec. 410 et seq. This conclusion is supported by substantial evidence and is not challenged by Casey on appeal.
 
 
 12
 For the reasons stated above, the decision of the Benefits Review Board is affirmed.
 
 
 
 *
 Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 " 'B' readers are radiologists who have demonstrated their proficiency in assessing and classifying X-ray evidence of pneumoconiosis by successful completion of an examination conducted by or on behalf of the Department of Health and Human Services." Mullins Coal Co. v. Director, O.W.C.P., 484 U.S. ---, 108 S.Ct. 427, 432-33 n. 16 (1987), quoting Consolidation Coal Co. v. Chubb, 741 F.2d 968, 971 n. 2 (7th Cir.1984)