892 F.2d 79
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas J. DAVIS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, Respondent.
 No. 89-3028.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1989.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner seeks review of a denial by the Department of Labor of benefits claimed under the Black Lung Benefits Act, 30 U.S.C. §§ 901 et seq. Finding substantial evidence to support the denial of benefits, we shall allow the agency's action to stand.
 
 
 2
 The petitioner, Thomas A. Davis, was employed intermittently in the coal mining industry from 1932 to 1948. The length of time Mr. Davis actually worked in the coal mines is critical, for if he worked at least 10 years and can meet any of the medical criteria of 20 C.F.R. § 727.203(a), he is entitled to a presumption of total disability due to pneumoconiosis.
 
 
 3
 The evidence indicates that Mr. Davis hauled coal between 1932 and 1940, worked in a coal mine from 1940-1942, was in the Army from 1942-1943, worked in a non-coal related capacity from 1944-1945, and returned to the coal mines in 1945. He then worked in the mines through 1948, at which point he left the mines for good.
 
 
 4
 An Administrative Law Judge found that petitioner Davis spent 5 and 1/4 years working in coal mines; this finding was based on social security records and pay stubs. Petitioner was not given credit for his time hauling coal, the ALJ having found that this was not an "integral part of coal production."
 
 
 5
 Because petitioner Davis had not worked in the coal mines 10 years, as the ALJ found, Mr. Davis could not invoke the 10-year presumption under 20 C.F.R. § 727.203(a). To recover, therefore, he had to prove in some other way that he was totally disabled by pneumoconiosis arising out of his coal mine work. See 20 C.F.R. § 410.410(b). Weighing all the evidence, the ALJ found that petitioner failed to prove that he had pneumoconiosis, and that even if he could prove this, it would not be clear that the affliction stemmed from his coal mine employment.
 
 
 6
 The medical evidence contains somewhat contradictory findings. There was only one chest x-ray, and it was interpreted by one doctor as positive for pneumoconiosis and by another doctor as completely negative for pneumoconiosis. The doctor who made the negative determination was accredited as a B reader.[1]
 
 
 7
 Two medical reports appear in the record. The first, by a physician who examined petitioner in May of 1979, noted shortness of breath, arthritis, and muscular pain, but found petitioner's chest to be normal. This doctor (John Winebrenner) noted a history of cigarette smoking and an occupational history of working around paint and dust. Dr. Winebrenner concluded that petitioner had hypertension, minimal and asymptomatic coal worker's pneumoconiosis, and possible bronchitis. He found the claimant's exertion limited by muscular and joint pain, not by shortness of breath. In addition, he stated that it was "dubious" as to whether the problems stemmed from coal mine employment.
 
 
 8
 The second medical report was from Dr. J.L. Walker, who examined petitioner in 1980. Dr. Walker concluded that petitioner suffered from chronic obstructive pulmonary disease, emphysema, chronic bronchitis, and hypertension, and had a history of peptic ulcer disease.
 
 
 9
 We may not upset an administrative law judge's findings of fact if they are supported by substantial evidence and are in accordance with the law. Campbell v. Consolidation Coal Co., 811 F.2d 302, 303 (6th Cir.1987). In the case at bar, the ALJ's finding that petitioner did not have pneumoconiosis stemming from his coal mine employment would appear to meet this standard.
 
 
 10
 The claimant bears the burden of proving the number of years worked in the coal mines. Shelesky v. Director, OWCP, 7 BLR 1-34 (1984). The ALJ determined that hauling coal did not constitute coal mine employment as defined by the Act because it was not directly related to the extraction or preparation of coal. See 30 U.S.C. §§ 802(h)(2) and 902(d); Southard v. Director, OWCP, 732 F.2d 66 (6th Cir.1984). We cannot say that the ALJ's determination was erroneous. Neither can we fault the ALJ's use of social security records and pay stubs to establish the length of employment. The ALJ's finding on this score must be accepted if the method of computation was reasonable. Vickery v. Director, OWCP, 8 BLR 1-430 (1986).
 
 
 11
 The ALJ's conclusion that petitioner failed to establish the existence of pneumoconiosis must also be accepted. Since petitioner did not work 10 years in the coal mines, he must affirmatively prove total disability due to pneumoconiosis arising wholly out of coal mine employment. 20 C.F.R. § 410.410(b). In evaluating the two x-ray readings to determine pneumoconiosis, the agency opted for the negative reading because the doctor who made that reading was accredited as a B reader, while the other doctor was not. The agency's determination appears reasonable, and we have no basis for rejecting it. See Johnson v. Island Creek Coal Co., 846 F.2d 364, 366 (6th Cir.1988). It is significant, moreover, that neither of the physicians who wrote full reports could attribute petitioner's condition solely to coal mine work.
 
 
 12
 The petition for review is DENIED.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 A B reader is a radiologist who has demonstrated "proficiency in assessing and classifying x-ray evidence of pneumoconiosis by successful completion of an examination conducted by or on behalf of the Department of Health & Human Services." Consolidation Coal Co. v. Chubb, 741 F.2d 968, 971, n. 2 (7th Cir.1984)