917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Orris COLLINS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-3167.
 United States Court of Appeals, Sixth Circuit.
 Oct. 29, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This is a petition for review of an administrative decision denying black lung benefits. For the reasons that follow, we shall deny the petition.
 
 
 2
 * In 1972 petitioner Orris Collins, who had been a coal miner for 15 years, filed a claim with the Social Security Administration for benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901 et seq. The claim was denied initially and upon reconsideration. In 1975 Mr. Collins filed a new claim with the Office of Workers' Compensation Programs. The OWCP denied this claim in 1980. Mr. Collins then requested a formal hearing, and an administrative law judge held a hearing in 1984. The ALJ concluded that Mr. Collins was not totally disabled and, therefore, was not entitled to benefits.
 
 
 3
 Mr. Collins appealed to the Benefits Review Board, which found that the ALJ had failed to discuss three important pieces of evidence in the record: two x-ray readings by Drs. Martin and Anderson, both finding pneumoconiosis, and a medical report written by Dr. Clarke, who concluded that Mr. Collins was "permanently and totally disabled for all manual labor." The Board remanded the case to the ALJ with instructions to reevaluate the claim based on all of the evidence in the record.
 
 
 4
 On remand, the ALJ made the following specific findings. Regarding the x-ray readings conducted by Drs. Martin and Anderson, he stated that
 
 
 5
 "[n]either Drs. Martin or Anderson are B Readers or Board-Certified Radiologists. The record contains six negative x-ray interpretations by B readers, three of which are more recent than the interpretations by Drs. Martin and Anderson. As discussed in the original Decision and Order, the record contains only one positive B reading. Interpretations by B readers are entitled to greater weight because of their expertise and proficiency in classifying x-rays. Because of the multiple negative B readings, I find that the x-ray evidence is negative for pneumoconiosis...." (Citations omitted.)
 
 
 6
 Regarding Dr. Clarke's report, the ALJ stated that
 
 
 7
 "Dr. Clarke rendered an x-ray interpretation ... of ' 1/2 PQ pneumoconiosis.' On the basis of his x-ray interpretation, he found the patient permanently and totally disabled for all work in a dusty environment and for all manual labor. Dr. Clarke offered absolutely no rationale for his disability determination. He conducted no physical examination. He did not conduct any objective tests, such as pulmonary function studies or blood gas studies. He apparently took no histories or subjective symptoms. His report does not even note whether he was aware that the Claimant was a coal miner. I have determined the x-ray evidence to be negative for pneumoconiosis. Therefore, the only basis for Dr. Clarke's report is an erroneous x-ray interpretation. I find Dr. Clarke's report to be unreasoned and undocumented and entitled to no weight."
 
 
 8
 Based on these findings, the ALJ again denied benefits. Again Mr. Collins appealed to the Benefits Review Board. This time, the Board affirmed the ALJ's decision. The Board concluded both that it was proper for the ALJ to give extra weight to x-ray interpretations by B-readers and that the ALJ's findings as a whole were supported by substantial evidence. Proceeding pro se, Mr. Collins then filed a timely petition for review with this court.
 
 II
 
 9
 As we stated in Welch v. Benefits Review Board, 808 F.2d 443, 445 (6th Cir.1986) (per curiam):
 
 
 10
 "This court has a limited scope of review over the decisions of the Benefits Review Board. The Board itself may set aside an administrative law judge's findings of fact and conclusions of law only if they are not supported by substantial evidence, or not in accordance with law. Our scope of review is limited to scrutinizing Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations."
 
 
 11
 We have consistently defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ramey v. Kentland Elkhorn Coal Corporation, 755 F.2d 485, 488 (6th Cir.1985).
 
 
 12
 * Mr. Collins contends that the ALJ erred by failing to invoke the presumption of disability prescribed by 20 C.F.R. Sec. 727.203(a)(1), but this argument is without merit. Section 727.203(a)(1) provides in pertinent part:
 
 
 13
 "A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... arising out of that employment if ... [a] chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis...."
 
 
 14
 The Supreme Court has recently held that a claimant who seeks to rely upon this presumption must prove by a preponderance of the evidence that he is entitled to it. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 138 (1987).
 
 
 15
 In the case at bar, the ALJ examined the x-ray evidence in the record, including (on remand) the x-ray interpretations conducted by Drs. Anderson and Martin. Of the sixteen x-ray interpretations in the record, seven were conducted by B-readers.[1] Six of these were negative for pneumoconiosis, and three of these six were performed more recently than the interpretations by Drs. Martin and Anderson. Of the nine interpretations not conducted by B-readers, one was negative and eight were positive, but two of these were re-read by B-readers as negative. On these facts, the ALJ properly concluded that the x-rays did not "establish[ ] the existence of pneumoconiosis" and that Mr. Collins therefore, was not entitled to a presumption of disability under Sec. 727.203(a)(1).
 
 B
 
 16
 Mr. Collins also maintains that the ALJ failed to evaluate the evidence presented according to the rules set forth in 20 C.F.R. Sec. 410.490. This argument is likewise without merit. By its terms, Sec. 410.490 applies only to claims filed before July 1, 1973. Mr. Collins filed his claim with the Office of Workers' Compensation Programs in 1975. Although this court has held that there is an exception under which some miners who file claims after 1973 may be entitled to have their claims evaluated under Sec. 410.490, the exception only applies to miners with less than ten years of coal mine employment. Youghiogheny and Ohio Coal Co. v. Milliken, 866 F.2d 195, 201 (6th Cir.1989). Because Mr. Collins worked in coal mines for 15 years, his claim will not be reviewed under Sec. 410.490.
 
 
 17
 Further, we note that even if Mr. Collins could resort to Sec. 410.490, he would still not be entitled to benefits. As the ALJ correctly stated in his opinion after remand, the "finding that the Claimant does not have evidence of a totally disabling respiratory or pulmonary impairment or x-ray evidence of pneumoconiosis precludes an award of benefits under the Sec. 410 regulations." See Sec. 410.490(b)(1).
 
 C
 
 18
 Finally, Mr. Collins contends that the ALJ's findings as a whole are not supported by substantial evidence. We disagree. The presumption of total disability under 20 C.F.R. Sec. 727.203, upon which Mr. Collins seeks to rely, may only be invoked (1) if a chest x-ray, biopsy, or autopsy establishes the existence of pneumoconiosis; (2) if ventilatory studies establish the presence of a respiratory or pulmonary disease with values equal to or less than those in the table set forth at Sec. 727.203(a)(2); (3) if blood gas studies reveal an impairment in the transfer of oxygen equal to or less than the values set forth in the table at Sec. 727.203(a)(3); or (4) if "[o]ther medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment." Sec. 727.203(a)(4).
 
 
 19
 In the case at bar, the ALJ determined that x-ray evidence did not establish the existence of pneumoconiosis. That finding is supported by substantial evidence. Further, neither the pulmonary function studies nor the arterial blood gas studies revealed values equal to or less than the values set forth in the tables at Secs. 727.203(a)(2) and (a)(3).
 
 
 20
 To invoke the presumption of disability under Sec. 727.203, therefore, Mr. Collins would have to satisfy the "totally disabling impairment" requirement of Sec. 727.203(a)(4). This he could not do; on the basis of the medical reports in the record (written by Drs. Rivera, O'Neill, Anderson, Stumbo, Martin, and Clarke), the ALJ properly concluded that Mr. Collins did not demonstrate the existence of a totally disabling impairment. Drs. Rivera, O'Neill, Anderson, and Stumbo each diagnosed the existence of pneumoconiosis, but none of them indicated that the condition was totally disabling. Dr. Rivera's report even stated that "pulmonary impairment does not exist." Dr. Martin stated that Mr. Collins "should not return to underground coal mining," but, under the case law in this circuit, that statement is not equivalent to a finding of total disability. Neace v. Director, OWCP, 867 F.2d 264, 268 (6th Cir.1989) ("To the extent that a medical opinion cautions a claimant against exposure to dust, but fails to find total impairment, that opinion is not required to be accepted as necessarily constituting a finding of total disability.") Finally, Dr. Clarke found that "this patient is permanently and totally disabled for all work in a dusty environment and for all manual labor," but the ALJ properly dismissed this one-sentence diagnosis as conclusory and unsupported. Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 855 (6th Cir.1986) (the Secretary is not bound by a physician's conclusory statements).
 
 
 21
 Accordingly, the petition for review is DENIED.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 A "B-reader" has demonstrated proficiency in the classification of chest x-rays for pneumoconiosis by passing a test sponsored by the Appalachian Laboratory of Occupational Safety and Health. See 42 C.F.R. Sec. 37.51(b). We have consistently held that an ALJ "is entitled to place more weight [on] B-Readers' conclusions due to their expertise in the area." Johnson v. Island Creek Coal Co., 846 F.2d 364, 366 (6th Cir.1988)