875 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilburn NEW, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT of LABOR, Respondent.
 No. 88-3525.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1989.
 
 BEFORE MILBURN and DAVID A. NELSON, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Wilburn New ("New") seeks review of the final order of the United States Department of Labor Benefits Review Board ("Board") denying his application for disability benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. Sec. 901 et seq. ("the Act"). For the reasons that follow, we affirm.
 
 I.
 
 2
 New applied for black lung disability benefits on June 8, 1981. Following the development of medical and other evidence, the Labor Department denied New's application. He requested a formal hearing before an Administrative Law Judge ("ALJ"), which was held on November 21, 1985. On July 18, 1986, the ALJ issued a decision and order denying New's application. New appealed to the Board, which affirmed the ALJ's decision in an order issued May 31, 1988. New filed a timely petition for judicial review with this court on June 15, 1988.
 
 
 3
 New was born on February 9, 1915, and was seventy years old at the time of his hearing. He worked in coal mines in Kentucky for less than ten years.
 
 
 4
 The medical evidence in this case consists of three physicians' interpretations of New's chest X-rays, two pulmonary function studies, two arterial blood gas studies, two medical reports by examining physicians, and a physician's deposition. The ALJ determined that the existence of pneumoconiosis arising out of coal mine employment was established by the opinions of Dr. J.E. Schoell and Dr. S.R. Shastri.
 
 
 5
 Dr. Schoell performed New's first pulmonary function test on July 7, 1981. The results were "relatively normal." Dr. Shastri performed New's second pulmonary function test on August 9, 1982. He interpreted New's test as revealing "significant air flow obstruction." Neither of these pulmonary function tests indicated total disability according to 20 C.F.R. Sec. 718.204(c)(1).
 
 
 6
 New's first arterial blood gas test was performed on July 8, 1981, by Dr. Geoffrey Grambau. He interpreted the test results as demonstrating "a normal response to increase in exercise...." New underwent a second arterial blood gas test on August 9, 1982, in connection with his examination by Dr. Shastri. Neither of New's arterial blood gas tests produced results which would establish total disability.
 
 
 7
 Dr. Schoell diagnosed New as suffering from a very mild obstructive airway disease, significant history of underlying coal exposure, gout, deep veinous thrombosis of the left leg, and a chest X-ray revealing minimal interstitial "pea sized" lesions. Dr. Schoell checked the "yes" box on the evaluation form in response to the question of whether New's health problems were related to exposure to coal mine dust. In addition, he wrote:
 
 
 8
 This person has significant dyspnea but it is out of line with the physical examination and resting pulmonary function test. The chest X-ray at most shows very minimal abnormalities. He does have significant underground coal exposure (13 year [sic] of underground work). Coal dust exposure could indeed account for some symptoms and mild chest X-ray abnormality but as stated the physiologic parameters are relatively normal.
 
 
 9
 Dr. Schoell checked the "no" box in response to a question asking whether New should be referred to another physician for further evaluation. He added:
 
 
 10
 This gentleman's resting pulmonary functions, exercise test, X-ray and physical examination are fairly straightforward. While he does indeed have significant underground coal exposure, he seemed to have little physiologic parameter abnormalities.
 
 
 11
 Dr. Shastri evaluated New in August 1982. In a letter to the Department of Labor dated August 13, 1982, Shastri stated New:
 
 
 12
 has a significant obstructive air flow disorder which is irreversible in nature. The prolonged exposure to coal dust while he worked in the mines appears to be a contributing factor to his illness.
 
 
 13
 In my opinion Mr. New cannot engage himself in any type of physically stressful occupation.
 
 
 14
 Dr. Shastri was deposed on August 1, 1985. He testified in part:
 
 
 15
 Q: Do you have an opinion as to whether or not on the basis of his pneumoconiosis he [New] is totally disabled?
 
 
 16
 A: [Shastri] He is disabled from a combination of severe obstructive lung disease and perhaps a mild restrictive lung disease. The combination's due to the emphysema from smoking and, of course, the problems imposed upon by his pneumoconiosis.
 
 
 17
 Q: Could the pneumoconiosis as well be independently disabling?
 
 
 18
 A: Yes, it can be.
 
 
 19
 Q: Do you have an opinion as to whether or not--maybe I've asked this, but it is one of the issues. Do you have an opinion as to whether or not his disability is due to his pneumoconiosis?
 
 
 20
 A: A substantial part could be attributed to his pneumoconiosis.
 
 
 21
 The ALJ determined the medical evidence established New suffered from pneumoconiosis arising out of coal mine employment. He found Dr. Schoell's report did not establish New was totally disabled, and Dr. Shastri's report and deposition testimony were inconsistent, equivocal, not well reasoned, and not entitled to any weight. The ALJ then decided New's claim should be rejected for failure to show total disability. As an alternative, assuming that New was totally disabled, the ALJ held he had failed to demonstrate his disability was due to pneumoconiosis.
 
 
 22
 The Board affirmed the ALJ's conclusion that the medical evidence did not establish total disability. Additionally, it affirmed the ALJ's alternative conclusion that New had not shown a causal connection between the alleged total disability and his pneumoconiosis. This appeal presents the question of whether substantial evidence supports the Board's decision affirming the ALJ's decision that New is not eligible for black lung benefits.
 
 II.
 
 23
 The scope of our review of the Board's order and the ALJ's decision is whether the latter "is supported by substantial evidence and is in accordance with the applicable law." Wright v. Island Creek Coal Co., 824 F.2d 505, 507 (6th Cir.1987) (quoting Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam)). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing findings of fact, the court cannot reweigh the evidence but must only inquire into the existence of evidence to support the findings. Creech v. Benefits Review Bd., 841 F.2d 706, 708-09 (6th Cir.1988). We may not set aside inferences drawn by the ALJ merely because we find others to be more reasonable. Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985).
 
 
 24
 To establish entitlement to disability benefits under section 718, a miner must prove: (1) he suffers from pneumoconiosis; (2) his pneumoconiosis arose from his coal mine employment; and (3) he is totally disabled by his pneumoconiosis. Director, OWCP v. Mangifest, 826 F.2d 1318, 1320 (3d Cir.1987); see also Adkins v. Weinberger, 536 F.2d 113, 117 (6th Cir.1976).
 
 
 25
 It is uncontested that none of the results from New's pulmonary function or arterial blood gas tests meet the objective criteria of total disability set out in section 718.204(c). Therefore, he is left to establish total disability under subparagraph (4), which provides in part:
 
 
 26
 (4) Where total disability cannot be established under paragraphs (c)(1), (c)(2) or (c)(3) of this section ... total disability may nevertheless be found if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented a miner from engaging in employment as described in paragraph (b) of this section [which defines total disability].
 
 
 27
 To constitute substantial evidence of total disability due to a respiratory impairment, a physician's report must describe a miner as being totally disabled, or describe the physical limitations a miner's respiratory impairment imposes upon him in a manner that gives rise to the inference that with such impairments, the miner is totally disabled. See Black Diamond Coal Mining Co. v. Benefits Review Bd., 758 F.2d 1532, 1534 (11th Cir.1985). In this case, Dr. Schoell did not declare New to be totally disabled, nor does his report give rise to an inference of total disability. Instead, Dr. Schoell found New suffered a "very mild obstructive airway disease," and his test results demonstrated "little physiologic parameter abnormalities."
 
 
 28
 The Director argues the ALJ was justified in giving no weight to Dr. Shastri's findings of total disability. As Dr. Shastri's conclusion of total disability caused by pneumoconiosis is contradicted by the results of New's pulmonary function and arterial blood gas tests, we agree. Moreover, Dr. Shastri's letter never explained how the results of his physical examination of New were consistent with "significant obstructive lung disorders," or whether New's exertional limitations were Shastri's diagnosis or merely a recitation of the miner's reported symptoms. Given that an ALJ must "examine the validity of the reasoning of a medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based[,]" Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983) (footnote omitted), and that an ALJ "should reject as insufficiently reasoned any medical opinion that reaches a conclusion contrary to objective clinical evidence without explanation[,]" Kertesz v. Crescent Hills Coal Co., 788 F.2d 158, 163 (3d Cir.1986), the ALJ's decision to give no weight to Dr. Shastri's final diagnosis is consistent with the applicable law and supported by substantial evidence.[1]
 
 III.
 
 29
 For the foregoing reasons, the Board's decision affirming the ALJ's decision denying New's application for black lung disability benefits is AFFIRMED.
 
 
 
 [1]
 Given New's failure to establish total disability, we need not and do not pass on the discussions below regarding the causal link a claimant must show between his pneumoconiosis and his total disability